IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jestine Delores Washington, | ) | Case No.: 2:17-cv-3464 |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| South State Bank; Fed. Court; AT&T; Comcast; Direct TV; and Dobson & Pest Control D-Z, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 9) recommending that this case be dismissed without prejudice and without issuance of service of process. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court.

## I. Background and Relevant Facts

Plaintiff, Jestine Delores Washington, has filed a complaint alleging a violation of her federal constitutional rights and statutory rights. (Dkt. No. 1 at 3.) In the statement of the claim portion of the complaint, Plaintiff states:

> My claim as brief as possible is the plaintiff is not providing equal service . . . based on computer info provided to companies that fail once transmitted. (stand-up computer—transposing to a desk top with power drive computer.) ie 60 min interview on talking walking cpt.

*Id.* at 5. Plaintiff seeks monetary damages. *Id.*

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v.*

*Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

The Magistrate Judge explained in the R. & R. that Plaintiff's complaint lacks sufficient factual allegations to state any plausible claims against Defendants because her citations to federal statutory and constitutional provisions are conclusory and her factual allegations are nonsensical. (Dkt. No. 9 at 3-4.)

No party has filed objections to the R. & R., and the deadline to file objections has passed.[1] In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

---

[1] Plaintiff has submitted two additional filings that are nonsensical and cannot be read as objections to the R. & R. One of the filings appears to be a request to update her address. (Dkt. Nos. 12 and 13.)

## IV. Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 9) as the order of the Court. This case is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 29, 2018
Charleston, South Carolina