IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jestine Delores Washington,<br><br>Plaintiff,<br><br>v.<br><br>South State Bank; Fed. Court; AT&T; Comcast; Direct TV; and Dobson & Pest Control D-Z,<br><br>Defendants. | Case No.: 2:17-cv-3464<br><br>**ORDER AND OPINION ON MOTION TO RECONSIDER** |

This matter is before the Court on Plaintiff's Motion to Reconsider (Dkt. No. 19) this Court's Order (Dkt. No. 16) adopting the Magistrate Judge's recommendation to dismiss the complaint without prejudice and without issuance of service of process. For the reasons set forth below, the Motion to Reconsider is denied.

I. **Background and Relevant Facts**

On December 27, 2017, Plaintiff Jestine Delores Washington filed a complaint alleging violations of her federal constitutional rights and statutory rights. (Dkt. No. 1 at 3.) In the statement of the claim portion of the complaint, Plaintiff states:

> My claim as brief as possible is the plaintiff is not providing equal service . . . based on computer info provided to companies that fail once transmitted. (stand-up computer—transposing to a desk top with power drive computer.) ie 60 min interview on talking walking cpt.

*Id.* at 5. Plaintiff seeks monetary damages. *Id.*

On January 5, 2018, the Magistrate Judge issued and mailed to Plaintiff a Report and Recommendation ("R. & R.") recommending that this Court dismiss the complaint without prejudice and without issuance of service of process, explaining that Plaintiff's complaint lacks sufficient factual allegations to state any plausible claims against Defendants because her

citations to federal statutory and constitutional provisions are conclusory and her factual allegations are nonsensical. (Dkt. No. 9 at 3-4; Dkt. No. 11.) No party filed timely objections to the R. & R., and this Court found that the Magistrate Judge correctly applied the controlling law to the facts of this case so adopted the R. & R. as the Order of the Court. (Dkt. No. 16.)

Plaintiff filed her Objections to the R. & R. on February 8, 2018. (Dkt. No. 18.) The Court construes Plaintiff's untimely objections, mailed after the deadline for objections and received after the Court has ruled on the Report and Recommendation, as a motion to reconsider.[1]

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment but does not provide a standard for such motions. The Fourth Circuit provides "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (citation omitted).

---

[1] Parties normally have fourteen (14) days from the date of service (i.e. the date the R. & R. was mailed) to file written objections to an R. & R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Under Federal Rule of Civil Procedure 6(d), Plaintiff's deadline was extended by three (3) days from January 19, 2018 to January 22, 2018 because the R. & R. was served by mail.

## III. Discussion

Plaintiff has not set forth any ground by which this Court may consider amending its Order adopting the R. & R. because she does not identify an intervening change in controlling law, identify new evidence, or identify a clear error of law. Plaintiff's Objections include her notations in the margins of a copy of the R. & R., a copied dictionary entry for the term "nonsensical," a short description of Title VII of the Civil Rights Act of 1964, and several incoherent notes in a bulleted list. (Dkt. No. 19.) Plaintiff filed what appears to be an addendum to her Objections that is also largely incoherent and does not set forth any grounds for reconsideration of this Court's order adopting the R. & R. (Dkt. No. 20 at 4.)

## IV. Conclusion

For the reasons set forth above, Plaintiff Washington's Motion to Reconsider (Dkt. No. 19) is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 2, 2018
Charleston, South Carolina